Scribner, J.
1. This petition in error was filed in the circuit court August 17, 1894. This appears by file-marks indorsed upon *228 the record and petition in error under the signature of the clerk.
The bill of exceptions was allowed, signed, sealed and filed on the same day, August 17, 1894, as shown by a certified copy of the journal entry made part of the record. It also appears by the file-marks on the bill itself. The certificate of the clerk to this journal entry bears the same date, and is the last paper attached to the record.
The petition in error — -that is, the paper in which the alleged errors are assigned, contains a waiver of service of summons and an entry of appearance in behalf of the defendant in error, bearing date July 23, 1894, but this was several weeks before the bill of exceptions was filed, and also before the petition in error was filed, and can avail nothing in this proceeding.
Final judgment was rendered covering the matters in'controversy between the respective parties, at the May term, 1894, of the court of common pleas. This term commenced May 7th. The certified copy of the journal entry of the judgment carried into the record furnished us does not show the date when the judgment was rendered, as it should do; but we are informed by the clerk that the journal shows that the judgment was rendered May 15, 1894; that the court adjourned May 19, 1894, to July 3, at which time it adjourned sine die. The copy of the journal entry forming part of the record attached to the petition in error should be so corrected as to show the date of the rendition of the judgment as shown by the journal.
The entry of the final judgment, so entered, as appears by the journal, May 1, 1894, shows not only a full disposition of the matters in controversy, and final judgment thereon,but also the filing by plaintiff in error and hearing of a motion for a new trial and the overruling of the same; also, that the plaintiff in error was allowed “fifty days from the entrance hereof, to prepare, present and file her bill of exceptions to *229 said several findings, judgments and orders of this court; and the clerk of this court is ordered to keep the records of this court open for said time for said purpose.”
A. W. Eckert, for plaintiff in error.
H. H. Ham, for defendant in error.
Among the files is a motion for a new trial filed by the plaintiff iu error, and purporting to have been filed May 21, 1894. As the journal entry of the final judgment appears, according to the record, to have been made May 15, or rather, the journal entry shows that final judgment was rendered at that date, a motion for a new trial filed May 21, would be three days over time. The journal entry of the judgment, however, shows that a motion for a new trial was made and overruled at that date, namely, May 15, and this entry, as against the file-mark of the clerk on the back of the motion, controls. Potter v. Myers, 31 Ohio St. 103, 106.
The i’ecord shows the allowance of fifty days to the plaintiff in error from the date of the judgment and the overruling of the motion for a new trial, within which to prepare and have filed her bill of exceptions. The record shows that the bill of exceptions was not allowed and filed until August 17, 1894, more than ninety days after the date of the final judgment and the overruling of the motion for a new trial. The filing®of the bill after the expiration of the fifty days, which is the utmost limit allowed by law, as well as by the order of court, was entirely unauthorized. Nor can the parties, even by consent, waive this requirement of the law as to time. We can not regard the paper purporting to be a bill of exceptions as forming any part of the record, nor as entitled to any consideration Avhatever at our hands.